UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC.; SONY/ATV SONGS LLC; THE BERNARD EDWARDS COMPANY LLC; TWO NIGHT MUSIC, a DIVISION OF COUCH AND MADISON PARTNERSHIP; PEERMUSIC III LTD.; EMI BLACKWOOD MUSIC, INC.; HOUSE OF GAGA PUBLISHING LLC; REDONE PRODUCTIONS LLC d/b/a SONGS OF REDONE, | CASE NO.  2:24-cv-1427 |
| Plaintiffs, | **COMPLAINT** |
| v. | |
| SUMMIT REVIVAL LLC d/b/a CAFÉ BOURBON STREET; | |
| and | |
| DAVID FRICKE, individually, | |
| Defendants. | |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. 101, *et seq.* (the "Copyright Act").  This Court has jurisdiction pursuant to 28 U.S.C. 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. 1400(a).

## THE PARTIES

3.  Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 20.6 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.  The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.  Plaintiff Sony/ATV Songs LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6.  Plaintiff The Bernard Edwards Company LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7.  Plaintiff Two Knight Music is a division of Couch and Madison Partnership. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8.  Plaintiff Peermusic III Ltd. is a limited company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9.  Plaintiff EMI Blackwood Music, Inc. is a company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff House of Gaga Publishing LLC is a limited liability company. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Redone Productions LLC is a limited liability company doing business as Songs of RedOne. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Defendant Summit Revival LLC is a limited liability company organized and existing under the laws of the state of Ohio, which operates, maintains and controls an establishment known as Café Bourbon Street, located at 2216 Summit Street, Columbus, OH 43201, in this district (the "Establishment").

13. In connection with the operation of the Establishment, Defendant Summit Revival LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

14. Defendant Summit Revival LLC has a direct financial interest in the Establishment.

15. Defendant David Fricke is a managing member of Defendant Summit Revival LLC with responsibility for the operation and management of that LLC and the Establishment.

16. Defendant David Fricke has the right and ability to supervise the activities of Defendant Summit Revival LLC and a direct financial interest in that LLC and the Establishment.

CLAIMS OF COPYRIGHT INFRINGEMENT

17. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 16.

18. Since May 2023, BMI has reached out to Defendants over thirty (30) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices,

providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

19. Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

20. Attached hereto as Exhibit 1 and incorporated herein is a schedule (the "Schedule") identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

21. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

22. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

25. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.  By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment, jointly and severally, as follows:

A. Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. 502;

B. Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. 504(c);

C. Defendants be ordered to pay costs, including reasonable attorneys' fee, pursuant to 17 U.S.C. 505; and

D. Plaintiffs have such other and further relief as is just and equitable.

*/s/ Rachael L. Rodman*
Rachael L. Rodman (0073872)
Jocelyn C. Smith (0100127)
UB GREENSFELDER LLP
65 E. State Street, Suite 1100
Columbus, OH 43215-4213
Tel: (614) 229.0038
Fax: (614) 229-0039
rrodman@ubglaw.com
jcsmith@ubglaw.com

Robert E. Chudakoff (0038594)
UB GREENSFELDER LLP
Skylight Office Tower
1660 West 2nd Street – Suite 1100
Cleveland, Ohio 44113-1448
Tel:  (216) 583.7126
Fax:  (216) 583-7127
rchudakoff@ubglaw.com

*Attorney for Plaintiffs*